Rockingham,
No. 4893.

PHILLIPS EXETER ACADEMY

*v.*

ISABEL M. GLEASON & *a.*

JOHN N. THOMPSON & *a.*, *Tr'ees*

*v.*

TRUSTEES OF PHILLIPS EXETER ACADEMY & *a.*

Argued January 3, 1961.

Decided March 7, 1961.

*Perkins, Holland & Donovan* (*Mr. Donovan* orally), for Phillips Exeter Academy.

*George R. Scammon* for Ralph B. Fish.

*Burnham B. Davis* and *Upton, Sanders & Upton* (*Mr. Robert W. Upton* orally), for Isabel M. (Fish) Gleason, individually and as executrix of the will of Josephine Fish Pendergast.

*Ernest R. D'Amours,* Director of Register of Charitable Trusts, *pro se,* furnished no brief.

LAMPRON, J. The Academy has filed identical pleas of *res judicata* to defendants' motion for relief from the agreed statement of facts in the first action and to their petition in the second action to vacate all orders or decrees allowing the Academy's accounts and to disallow and dismiss them. As these pleas deny none of defendants' allegations they are to be taken as admitted for the purpose of deciding the issues submitted to us by the Superior Court. The test to determine whether the Academy's motions to dismiss should be granted because the matters of defendants' motion and petition

are *res judicata* is to inquire whether the issues now raised were decided in *Phillips Exeter Academy* v. *Gleason*, 102 N. H. 369. See *In re Moore*, 99 N. H. 209, 210.

Considering first defendants' motion for correction, this court had no authority on motion of one of the parties to amend a statement of facts agreed to by all the parties. *Bell* v. *Twilight*, 17 N. H. 528. The only course open to the defendants was to apply to the Superior Court for relief. *Dame* v. *Woods*, 73 N. H. 391, 392. The order of this court summarily denying defendants' motion for correction of the agreed statement can be explained by the established rule that such relief was to be sought in the Superior Court. *Dame* v. *Woods, supra; Lampesis* v. *Comolli*, 101 N. H. 491, 493.

By its plea and in the course of the hearing on the pleadings in Superior Court the Academy admitted that there were erroneous recitals of fact in paragraph 6 as alleged by defendants and also that they were due to the mutual mistake of the attorneys which was not discovered until after this court handed down its opinion in *Phillips Exeter Academy* v. *Gleason, supra*. These issues were not decided in the prior decision. The Academy's plea in bar does not as a matter of law set forth a defense to defendants' motion for relief from the agreed statement of facts.

We now consider defendants' petition in the Thompson case to vacate all orders or decrees allowing accounts of the Academy as trustee and to disallow and dismiss all such accounts. In substance the defendants allege that the Academy as trustee paid the annuity to Isabel M. Gleason out of income specifically bequeathed to Josephine Fish Pendergast and Ralph B. Fish instead of taking it from the corpus bequeathed to the Academy without disclosing to these beneficiaries all material facts in connection therewith which the Academy knew or should have known; that these beneficiaries relied upon the Academy as trustee for the proper administration of the trust estate and that in the use of such income to pay Isabel without informing the beneficiaries of the material facts the Academy was guilty of a breach of trust and a fraud upon such beneficiaries.

The Academy's plea was that the petition should be dismissed because these issues had been decided by the opinion in *Phillips Exeter Academy* v. *Gleason, supra*, and the denial of defendants' motions made to and denied by this court in said case.

In this instance also the fundamental question to be determined is whether the above case decided the issues now raised. *In re*

*Moore, supra,* 99 N. H. 209, 210.    Our decision in that case was that "The decree of the Superior Court of 1917 remained unquestioned until the present proceedings.    The 1917 decree became the law of the case and the accounts *filed* and *allowed* in reliance thereon, including the thirty-sixth annual account, are not now open to question."    (Emphasis supplied).    This decision was based on an agreed statement of facts, paragraph 6 of which stated that *"Thirty six accounts* have been *filed* and *allowed* by decree of the Superior Court and as to each of said accounts there has been notice by publication and personal notice to beneficiaries by registered mail and an opportunity to be heard and no objection has been raised as to the payment of Five Hundred Dollars ($500.00) annually out of income to Isabel M. Gleason by said Phillips Exeter Academy."    (Emphasis supplied).

That opinion did not decide nor was an issue ever raised regarding the status of, and rights of the parties in, the twenty-five accounts which it is now admitted were never allowed by the Superior Court. Therefore the Academy's plea in bar to defendants' petition does not as a matter of law set forth a defense thereto.    *McNish* v. *American Brass Co.,* 139 Conn. 44.

We are not called upon nor do we decide whether justice requires that defendant be granted the relief sought in their motion or petition with respect to the twenty-five accounts not allowed.

*Remanded.*

All concurred.